

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-26-2009

# USA v. Wazir Roberts

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4064

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Wazir Roberts" (2009). *2009 Decisions.* Paper 1120.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1120

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 08-4064
_____

UNITED STATES OF AMERICA

v.

WAZIR ROBERTS, AKA Waz,
Appellant

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-08-cr-00433-001)
District Judge: Honorable Stanley R. Chesler

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 24, 2009

_____

Before: BARRY and SMITH, Circuit Judges, and RESTANI,[*] Judge

(Opinion Filed:  June 26, 2009)
_____

OPINION
_____

_____

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Appellant Wazir Roberts appeals his sentence for conspiracy to distribute and to possess with intent to distribute heroin and cocaine. Appellant's counsel filed a motion to withdraw and a supporting brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and Appellant has not filed a <u>pro se</u> brief. We will affirm the judgment of sentence and grant counsel's request to withdraw.

Appellant pled guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin and 500 grams or more of cocaine. At sentencing, the Government and Appellant agreed that under the U.S. Sentencing Guidelines ("Guidelines"), Appellant was a career offender subject to criminal history category VI, with an offense level of 31, and that a sentence within the Guidelines range was appropriate. The District Court sentenced Appellant to 188 months of imprisonment, which was at the low end of the Guidelines range of 188 months to 235 months. Appellant appeals his sentence. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

Third Circuit Local Appellate Rule 109.2(a) states that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to <u>Anders</u>." Third Circuit L.A.R. 109.2(a). This Court has a duty to ensure that counsel has "adequately fulfilled the rule's requirements," and to conduct "an independent review of the record" to

2

determine if any nonfrivolous issues exist.  United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001).  The Court must be confident "that counsel has thoroughly examined the record in search of appealable issues" and has "explain[ed] why the issues are frivolous."  Id.

Here, counsel states that a possible issue for appeal is whether the District Court abused its discretion by not departing downward based on Appellant's employment record, family ties and responsibilities, and minor role in the offense.  Counsel correctly concludes that this argument lacks merit.

Initially, Appellant did not request a downward departure during sentencing, but rather, agreed that a sentence within the Guidelines range resulting from the agreed Guidelines offense level was reasonable.  Further, the District Court adequately considered the factors set forth in 18 U.S.C. § 3553(a), including Appellant's criminal and employment history and family ties, and concluded that a sentence at the low end of the Guidelines range was proper.  See United States v. Lessner, 498 F.3d 185, 203–04 (3d Cir. 2007) (upholding a sentence where the district court adequately considered and applied the § 3553(a) factors and declined to depart downward).  In any event, this Court lacks jurisdiction to review a district court's discretionary decision not to depart downward.  See United States v. Vargas, 477 F.3d 94, 103 (3d Cir. 2007).

Because counsel has met her obligations, and an independent review of the record convinces the Court that there are no nonfrivolous issues for appeal, we will AFFIRM the judgment of sentence of the District Court and GRANT counsel's motion to withdraw.

3